**EXHIBIT 2**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOLECULAR TEMPLATES, INC., *et al.*, | Case No. 25-10739 (BLS) |
| Debtors.[1] | (Joint Administration Requested) |
| | **Re: D.I. \_\_\_\_** |

## NOTICE OF BAR DATES FOR FILING PROOFS
## OF CLAIM AGAINST THE DEBTORS

On April 20, 2025 (collectively, the "Petition Date"), the following debtors (the "Debtors") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"):

| Debtors | Case No. |
|---|---|
| Molecular Templates, Inc. | Case No. 25-10739 (BLS) |
| Molecular Templates OpCo, Inc. | Case No. 25-10740 (BLS) |

On [•], 2025, the Court entered an order (the "Bar Date Order")[2] establishing the following deadlines for filing certain prepetition claims and administrative expense claims in the Debtors' Chapter 11 Cases:

(i) **[30 days from service of this notice], 2025, 5:00 p.m. prevailing Eastern Time** as the deadline (the "General Bar Date") to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within 20 days of the Petition Date, unless otherwise provided in the Bar Date Order.

(iii) **October 17, 2025**, as the deadline (the "Government Bar Date") by which a governmental unit must file a proof of claim in respect of a prepetition claim against any of the Debtors;

(iv) the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service

---

[1] The Debtors in these Chapter 11 Cases, along with the Debtors' federal tax identification numbers, are: Molecular Templates, Inc. (9596) and Molecular Templates OpCo, Inc. (6035). The Debtors' mailing address is: 124 Washington Street, Ste. 101, Foxboro, MA 02035. All Court filings can be accessed at: https://www.veritaglobal.net/MolecularTemplates.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Bar Date Order.

of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline for an entity asserting a claim for damages against any of the Debtors arising from such rejection to file a proof of claim on account of such damages;

(v) the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "Schedules") as the deadline for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

**Who Must Submit a Prepetition Claim.** Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in these cases:

    a. any person or entity whose claim is not listed on the applicable Debtor's Schedules;

    b. any person or entity whose claim is listed on the applicable Debtor's Schedules as contingent, unliquidated or disputed;

    c. any person or entity whose claim is improperly classified on the applicable Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount than identified in the applicable Schedules;

    d. any person or entity whose claim is identified on the incorrect Debtor's Schedules, or not identified on the Schedules of all Debtors against whom the entity desires to, and has a basis to, assert such claim;

    e. any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within 20 days of the Petition Date;

    f. any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

    g. any person or entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

    h. any person or entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices.

**Parties Who Do Not Need to Submit a Prepetition Claim**. The following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a. any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated or disputed, (ii) the person or entity does not disagree with the amount, nature or priority of the claim as identified on the Schedules, and (iii) the person or entity does not dispute that the claim is the obligation of the specific Debtor or Debtors on whose Schedules the claim is identified;

b. any person or entity who has already filed with Verita or with the Clerk of Court a signed proof of claim against the applicable Debtor(s) utilizing Official Form B410 or a claim form that substantially conforms to such official form, including by providing all of the information required by such form and the procedures set forth herein;

c. any person or entity whose claim is allowable under §503(b) and §507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

d. any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

e. any person or entity whose claim as been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

f. any person or entity whose claim is based solely on owning an equity security in the Debtors;

g. any employee of the Debtors who was employed at any time on or after the Petition Date and whose prepetition salary, wages, benefits or other remuneration have been paid pursuant to Court order; provided, however, that all other claims of employees arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, wage and hour violations or unfair business practices, must be filed by the applicable Bar Date;

h. any director, officer or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution or reimbursement;

i. any Debtor having a claim against another Debtor; and

j. any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtor.

**Instructions for Filing Proofs of Claim for Prepetition Claims.** Any person or entity asserting a prepetition claim against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) proofs of claim must be (a) submitted on the enclosed claim form or Official Form B410 and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the

3

claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

A proof of claim may be filed electronically at www.veritaglobal.net/MolecularTemplates using the interface available after clicking the link entitled "Submit Electronic Proof of Claim (ePOC)." If filed by hardcopy via first-class mail, an original, signed copy of the proof of claim must be sent to Molecular Templates Claims Processing Center, c/o Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. If filed by hardcopy via hand delivery or overnight mail, an original, signed copy of the proof of claim must be sent to Molecular Templates Claims Processing Center, c/o Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. A claim must be submitted **so as to be actually received** on or before the applicable Bar Date. Proofs of claim sent by means other than as described above will not be accepted.

**Consequences of Failing to Timely File Your Claim**. Pursuant to the Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a. **YOU WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR PROPERTY (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

b. **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

c. **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THE DEBTORS BELIEVE YOU HAVE A CLAIM.

**Additional Information**. Copies of the Debtors' Schedules, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding the chapter 11 case is available for inspection free of charge on the Debtors' website at www.veritaglobal.net/MolecularTemplates. Filings in the chapter 11 case also are available for a fee at the Court's website at **www.deb.uscourts.gov/**. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov**. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' notice and claims agent, Verita Global, at (877) 634-7178 or (424) 236-7224 (for parties outside the U.S. and Canada) or at www.veritaglobal.net/MolecularTemplates/Inquiry.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

| | |
|---|---|
| Dated: [•], 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ DRAFT*<br>Eric D. Schwartz (No. 3134)<br>Andrew R. Remming (No. 5120)<br>Austin T. Park (No. 7247)<br>Jake A. Rauchberg (No. 7444)<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>eschwartz@morrisnichols.com<br>aremming@morrisnichols.com<br>apark@morrisnichols.com<br>jrauchberg@morrisnichols.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |