**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOLECULAR TEMPLATES, INC., *et al.*, | Case No. 25-10739 (BLS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 147, 159, 162** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS AND (II) CONFIRMING THE REVISED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR MOLECULAR TEMPLATES, INC. AND ITS AFFILIATED DEBTOR**

Upon consideration of the *Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization for Molecular Templates, Inc. and its Affiliated Debtor*, dated June 27, 2025 [D.I. 159], attached hereto as **Exhibit A** (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan" or the "Plan") proposed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Molecular Templates, Inc. and its Affiliate Debtor on an Interim Basis; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 51] (the "Solicitation Procedures Motion"), and the Court having entered, after due notice and a hearing, the *Order (I) Approving*

---

[1]   The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers, are: Molecular Templates, Inc. (9596) and Molecular Templates OpCo, Inc. (6035).  The Debtors' mailing address is: 124 Washington Street, Ste. 101 Foxboro, MA 02035.

*the Combined Disclosure Statement and Chapter 11 Plan of Reorganization on an Interim Basis; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 122] (the "Interim Disclosure Statement Order"); and the Debtors having filed the Plan Supplement on June 17, 2025 [D.I. 147], as may be amended, modified, or supplemented, the ("Plan Supplement"); and upon consideration of (i) the [*Debtors' Memorandum of Law in Support of Confirmation of the Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization for Molecular Templates, Inc. and its Affiliated Debtor* [D.I. 162] (the "Confirmation Brief"), (ii) the *Declaration of Craig Jalbert in Support of Confirmation of the Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization for Molecular Templates, Inc. and its Affiliated Debtor* [D.I. 161] (the "Jalbert Declaration"), (iii) the *Declaration of Adam J. Gorman of Kurtzman Carson Consultants, LLC dba Verita Global Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Revised Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization for Molecular Templates, Inc. and its Affiliated Debtor* [D.I. 160]  (the "Voting Declaration," and with the Jalbert Declaration, the "Declarations"), and (iv) the *Certificate of Service of Solicitation Package* [D.I. 146] (the "Certificate of Service"); and the Court having reviewed and considered the Combined Disclosure Statement and Plan, the Plan Supplement, the Interim Disclosure Statement Order, the Confirmation Brief, the Declarations and the Certificate of Service; and a hearing to consider confirmation of the Plan having been held on July 1, 2025 (the "Confirmation Hearing"); and the appearance of all interested parties having been duly noted in the record of the Confirmation Hearing, including the Declarations filed and testimony therein and the exhibits admitted into

evidence; and upon all of the proceedings had before the Court and upon the entire record of the Confirmation Hearing; and the Court having determined based upon all of the foregoing that the Disclosure Statement should be approved and that the Combined Disclosure Statement and Plan should be confirmed, as reflected by the Court's rulings made herein and on the record of the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth on the record at the Confirmation Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Capitalized Terms</u>.  Capitalized terms used but not defined herein shall have the respective meanings attributed to such terms in the Combined Disclosure Statement and Plan and the Plan Supplement, as applicable.

C.      <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent to entry of this Confirmation Order under the Local Rules and Article III of the United States Constitution.

3

Venue of these proceedings and these Chapter 11 Cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.   Eligibility for Relief; Proper Plan Proponents.  The Debtors were and are entities eligible for relief pursuant to Bankruptcy Code section 109. The Debtors were and are proper plan proponents pursuant to Bankruptcy Code section 1121(a).

E.   Commencement and Joint Administration of the Debtors' Chapter 11 Cases. On April 20, 2025, (the "Petition Date") the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015 and the *Order Directing the Joint Administration of the Debtors' Chapter 11 Cases* [D.I. 34].  The Debtors have managed their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

F.   Judicial Notice.  This Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of this Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during these Chapter 11 Cases, including, without limitation, the Confirmation Hearing.

G.   Burden of Proof.  The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence.

H.   Adequacy of the Disclosure Statement.   The Combined Disclosure Statement and Plan provided adequate information within the meaning of Bankruptcy Code section 1125 and comply with the requirements set forth in Local Rule 3017-2.

I.      Plan Supplement.  Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement.  The Plan Supplement complies with the terms of the Combined Disclosure Statement and Plan, and the filing and notice of the Plan Supplement were appropriate, timely, and adequate, and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order, and no other or further notice is or shall be required.  All parties had an opportunity to appear and be heard in connection with the Plan Supplement.  The Debtors, Reorganized Debtors, and/or the Liquidating Trustee, as applicable, are authorized to modify the Plan Supplement documents in accordance with their respective terms following entry of this Confirmation Order in a manner consistent with this Confirmation Order and/or the Combined Disclosure Statement and Plan.

J.      Solicitation and Notice.  On May 29, 2025, the Court entered the Interim Disclosure Statement Order which, among other things: (i) approved, on an interim basis, the Debtors' Disclosure Statement; (ii) established a voting record date; (iii) approved Solicitation Packages (as defined in the Interim Disclosure Statement Order) and distribution procedures; (iv) approved the form of ballots (the "Ballots") and established procedures for voting on the Combined Disclosure Statement and Plan; (v) approved forms of notices to non-voting classes under the plan; (vi) approved the Opt-Out Election Form; (vii) established the voting deadline to accept or reject the Combined Disclosure Statement and Plan; (viii) approved procedures for vote tabulations; and (ix) established a hearing date for final approval and confirmation of the Combined Disclosure Statement and Plan and related notice and objection procedures thereof.  The Debtors have complied with the Interim Disclosure Statement Order and properly served and noticed the Solicitation Packages and required materials, and (a) (i) the Ballots; (ii) the Combined Disclosure Statement and Plan; and (iii) the Confirmation Hearing Notice to Holders of Claims

and Interests in Voting Classes; and (b) (i) the Notice of Non-Voting Status; and (ii) the Opt-Out Election Form to Holders of Claims and Interests in Non-Voting Classes, in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order (the "Solicitation").  As described and approved in the Interim Disclosure Statement Order, and as set forth in the Voting Declaration (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Interim Disclosure Statement Order were provided in compliance with the Bankruptcy Rules and the Interim Disclosure Statement Order and provided due process to all parties in interest.  No other or further notice is required.

K.      Voting.  The procedures by which the Ballots for acceptance or rejection of the Combined Disclosure Statement and Plan was distributed and tabulated under the circumstances of these Chapter 11 Cases were fair, properly conducted, and complied with the Bankruptcy Code and the Bankruptcy Rules, applicable non-bankruptcy law and the Interim Disclosure Statement Order.

L.      Bankruptcy Rule 3016.  The Combined Disclosure Statement and Plan complies with Bankruptcy Rule 3016.

M.      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  The classification of Claims and Interests under the Combined Disclosure Statement and Plan is proper under the Bankruptcy Code.  In addition to Administrative Claims, Fee Claims, Tax Claims, and U.S. Trustee Fees, which need not be classified, the Plan designates six Classes of Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for

separately classifying the various Classes of Claims and Interests created under the Combined Disclosure Statement and Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests. Thus, the Combined Disclosure Statement and Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

N.      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article II of the Combined Disclosure Statement and Plan specifies that Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are Unimpaired under the Combined Disclosure Statement and Plan. Thus, section 1123(a)(2) of the Bankruptcy Code is satisfied.

O.      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article II of the Combined Disclosure Statement and Plan designates Class 3 (Prepetition Secured Claims), Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), and Class 6 (Existing Equity Interests) as Impaired and specifies the treatment of Claims and Interests in such Classes. Thus, section 1123(a)(3) of the Bankruptcy Code is satisfied.

P.      No Discrimination (11 U.S.C. § 1123(a)(4)). The Combined Disclosure Statement and Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

Q.      Implementation of the Combined Disclosure Statement and Plan (11 U.S.C. § 1123(a)(5)). The Combined Disclosure Statement and Plan, including the provisions governing the Liquidating Trust, provides adequate and proper means for the Combined Disclosure Statement and Plan's implementation. Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied.

R.  Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Amended and Restated Certificate of Incorporation of Molecular Templates, Inc. and Amended and Restated Certificate of Incorporation of Molecular Templates OpCo, Inc., as included in the Plan Supplement, include a provision prohibiting the issuance of non-voting equity securities. Therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

S.  Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). Section 9.6 of the Combined Disclosure Statement and Plan provides that the Liquidating Trust shall be administered by the Liquidating Trustee in accordance with the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement. The Liquidating Trustee, as identified in paragraph 18 below and as selected by the Debtors, shall serve as a fiduciary of each of the Wind-down Estates as of the Effective Date. The Liquidating Trustee shall oversee the Liquidating Trust and/or the administration of the Combined Disclosure Statement and Plan, as applicable, and the wind-down of the Chapter 11 Cases. The Liquidating Trustee shall be vested with the power to act for the Liquidating Trust in the same capacity as applicable to a board of directors and officers, subject to the provisions in the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement. From and after the Effective Date, the Liquidating Trustee shall be the sole representative of and shall act for the Estates and the Liquidating Trust. With respect to the Reorganized Debtors, consistent with Section 9.11 of the Combined Disclosure Statement and Plan, the Reorganized Debtors identified in the Plan Supplement the selection of the officers and directors who shall serve as fiduciaries of the respective Reorganized Debtors from and after the Effective Date.

T.  Combined Disclosure Statement and Plan Provisions are Appropriate (11 U.S.C. § 1123(b)). The Combined Disclosure Statement and Plan's provisions are appropriate, in

8

the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

U.       Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(1), (b)(2)). The Debtors have exercised reasonable business judgment in determining to either assume, assume and assign, or reject each of the Debtors' remaining Executory Contracts and Unexpired Leases as provided for in the Combined Disclosure Statement and Plan, the Plan Supplement, and this Confirmation Order, and any such determinations under the circumstances are justified and appropriate.

V.       Compromises and Settlements Under and in Connection with the Combined Disclosure Statement and Plan (11 U.S.C. § 1123(b)(3)(A)). All of the settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. Accordingly, except as otherwise set forth in the Combined Disclosure Statement and Plan or herein, in consideration for the Distributions and other benefits provided for under the Combined Disclosure Statement and Plan, including the release, exculpation, and injunction provisions, the Combined Disclosure Statement and Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Combined Disclosure Statement and Plan.

W.       Injunction, Exculpation, and Releases 11 U.S.C. § 1123(b)(3)(B). The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, exculpation, and releases set forth in Article X of the Combined Disclosure Statement and Plan, because, *inter alia*, these provisions are an integral part of the Debtors' Combined Disclosure Statement and Plan and are necessary and appropriate for the Combined

Disclosure Statement and Plan's implementation.  Bankruptcy Code section 105(a) permits issuance of the injunction and approval of the releases set forth in Article X of the Combined Disclosure Statement and Plan if, as has been established here based upon the record in these Chapter 11 Cases, the Jalbert Declaration, and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the agreement among the various parties in interest and are important and necessary to the formulation and implementation of the Combined Disclosure Statement and Plan, as provided in Bankruptcy Code section 1123, (ii) confer substantial benefits on the Debtors' estates and creditors, (iii) are fair and reasonable, and (iv) are in the best interests of the Debtors, their Estates, and parties in interest.  Further, the release and exculpation provisions in the Combined Disclosure Statement and Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a final order by a court of competent jurisdiction to have constituted willful misconduct, fraud, or gross negligence.  Based upon the record of these Chapter 11 Cases, the Jalbert Declaration, and the evidence proffered or adduced at the Confirmation Hearing, this Court finds that the injunction, exculpation, and releases set forth in Article X of the Combined Disclosure Statement and Plan are consistent with the Bankruptcy Code and applicable law.

X.      Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5)).  In accordance with section 1123(b)(5) of the Bankruptcy Code, Article VII of the Combined Disclosure Statement and Plan modifies or leaves unaffected, as the case may be, the rights of Holders of Claims and Interests in each Class.

Y.      Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6)).  In accordance with section 1123(b)(6) of the Bankruptcy Code,

the Combined Disclosure Statement and Plan includes various additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

Z.    Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set forth below, the Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

AA.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Combined Disclosure Statement and Plan, the Plan Supplement, and all other matters considered by this Court in connection with these Chapter 11 Cases.

BB.    Combined Disclosure Statement and Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).  The Debtors have proposed the Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Combined Disclosure Statement and Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of these Chapter 11 Cases, the Combined Disclosure Statement and Plan itself, and the process leading to its formulation.  Further, the Combined Disclosure Statement and Plan promotes the objectives and purposes of the Bankruptcy Code.

11

CC.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Pursuant to the interim compensation procedures previously approved by this Court and established in these Chapter 11 Cases pursuant to Bankruptcy Code section 331, all payments made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thus satisfying Bankruptcy Code section 1129(a)(4).

DD.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). In accordance with the Combined Disclosure Statement and Plan, the Debtors' and, pursuant to section 9.11 of the Combined Disclosure Statement and Plan, upon the occurrence of the Effective Date, each of the Debtors' directors and officers shall be discharged from their duties and terminated automatically without the need for any corporate action or approval and without the need for any corporate filings, and, unless subject to a separate agreement with the Liquidating Trustee, such directors and officers shall have no continuing or further obligations to the Debtors following the occurrence of the Effective Date. The identity of the Liquidating Trustee has been disclosed as part of the Plan Supplement and is consistent with the interests of Holders of Claims and Interests and with public policy. Further, following the Effective Date, the Debtors shall be managed by the new director and officer appointed by the holders of the New MTEM Common Equity as identified in the Plan Supplement. Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

EE.     No Rate Changes (11 U.S.C. § 1129(a)(6)). No governmental regulatory commission has jurisdiction, after confirmation of the Combined Disclosure Statement and Plan,

over the rates of the Debtors.  Thus, Bankruptcy Code section 1129(a)(6) is not applicable in these Chapter 11 Cases.

FF.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The "best interests" test is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date, that is not less than the amount that such Holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

GG.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are left unimpaired under the Combined Disclosure Statement and Plan.  Class 3 (Prepetition Secured Claims) and Class 4 (General Unsecured Claims) have voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) for these Classes.  Class 5 (Intercompany Claims) and Class 6 (Existing Equity Interests) are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied.  The Combined Disclosure Statement and Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

HH.    Treatment of Administrative Claims, Fee Claims, Tax Claims, and U.S. Trustee Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims, Fee Claims, Tax Claims, and U.S. Trustee Fees pursuant to Article VI of the Combined Disclosure Statement and Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

II.    Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10)).  Class 3 (Prepetition Secured Claims) and Class 4 (General Unsecured Claims) are Impaired and voted to

13

accept the Combined Disclosure Statement and Plan, excluding any acceptance of the Combined Disclosure Statement and Plan by any insider.  Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied.

JJ.    Feasibility (11 U.S.C. § 1129(a)(11)).  The evidence supporting the Combined Disclosure Statement and Plan proffered or adduced by the Debtors at, or prior to, or in the Declarations filed in connection with the Confirmation Hearing establish that the Debtors have the wherewithal to make all payments and otherwise comply with their financial commitments under the Combined Disclosure Statement and Plan.

KK.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Combined Disclosure Statement and Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

LL.    Miscellaneous Provisions (11 U.S.C. §§ 1129 (a)(6), 1129(a)(13)–(16)). Sections 1129(a)(6), (a)(13)–(16) of the Bankruptcy Code are inapplicable to Confirmation, as the Reorganized Debtors (i) will not have any businesses involving the establishment of rates (section 1126(a)(6)), (ii) are not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) (section 1129(a)(13)), (iii) have no domestic support obligations (section 1129(a)(14)), (iv) are not individuals (section 1129(a)(15)), and (v) are not nonprofit corporations (section 1129(a)(16)).

MM.    No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).  The classification and treatment of Claims and Interests in Class 5 (Intercompany Claims) and Class 6 (Existing Equity Interests), which  are deemed to have rejected the Combined Disclosure Statement and Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does

14

not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy Code.  There is no Class of Claims or Interests junior to the Holders of Claims and Interests in Class 5 or Class 6 that will receive or retain property under the Combined Disclosure Statement and Plan on account of their Claims or Interests.  Accordingly, the Combined Disclosure Statement and Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Combined Disclosure Statement and Plan.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(b) of the Bankruptcy Code.

NN.    Only One Plan (11 U.S.C. § 1129(c)).  The Combined Disclosure Statement and Plan is the only chapter 11 plan currently proposed in these Chapter 11 Cases, and section 1129(c) of the Bankruptcy Code is therefore satisfied.

OO.    Principal Purpose (11 U.S.C. § 1129(d)).  The principal purpose of the Combined Disclosure Statement and Plan is neither the avoidance of taxes, nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to Confirmation on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

PP.    Liquidating Trust.  Entry into the Liquidating Trust Agreement is in the best interests of the Debtors and the Debtors' Estates and creditors.  The establishment of the Liquidating Trust, the selection of the Liquidating Trustee, the form of the Liquidating Trust Agreement (as may be modified or amended from time to time), is appropriate and in the best interest of the Debtors' creditors.  The Liquidating Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable in accordance with its terms.

QQ.    <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for Confirmation set forth in the Bankruptcy Code and should be confirmed.

RR.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  The Debtors and their officers, directors, employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and exculpation provisions set forth in Article X of the Combined Disclosure Statement and Plan and in this Confirmation Order.

SS.    <u>Retention of Jurisdiction</u>.  This Court may properly retain jurisdiction over the matters set forth in Article XV of the Plan and/or section 1142 of the Bankruptcy Code.

**Based upon the foregoing findings, and upon the record made before this Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

1.    <u>Final Approval of the Combined Disclosure Statement and Plan</u>.  The (i) Combined Disclosure Statement and Plan is approved in full and on a final basis.  The findings and conclusions of law contained in the Interim Disclosure Statement Order, to the extent made on an interim basis, are now made on a final basis herein, and are incorporated by reference herein. The Combined Disclosure Statement and Plan is APPROVED on a final basis as containing adequate information within the meaning of Bankruptcy Code section 1125, and any objections to

16

the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

2.    Confirmation.    All requirements for confirmation of the Combined Disclosure Statement and Plan have been satisfied.    Accordingly, the Combined Disclosure Statement and Plan in its entirety is CONFIRMED pursuant to Bankruptcy Code section 1129. Any objections to confirmation of the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.    A copy of the confirmed Combined Disclosure Statement and Plan is attached as **Exhibit A** to this Order.    The terms of the Combined Disclosure Statement and Plan and the Plan Supplement are incorporated by reference into, and are an integral part of, this Order.

3.    Findings of Fact and Conclusions of Law.    The findings of fact and the conclusions of law stated in this Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

4.    Conditions Precedent.    The Effective Date shall not occur unless the conditions precedent set forth in section 14.2 of the Combined Disclosure Statement and Plan and listed below have been satisfied or waived:

(a)    The Court shall have entered the Final DIP Order, in form and substance acceptable to K2, and the final order shall not have been vacated, stayed, or modified without the prior written consent of K2 and there shall be no default or event of default existing under the DIP Facility;

(b)    All financing necessary for the Plan shall have been obtained, and any documents related thereto shall have been executed, delivered, and be in full force and effect (with all conditions precedent thereto, other than the

17

occurrence of the Plan Effective Date or certification by the Debtors that the Plan Effective Date has occurred, having been satisfied or waived);

(c)    All related expenses shall have been paid in full in cash in accordance with the terms and conditions set forth in this Term Sheet and the Final DIP Order;

(d)    All requisite filings with governmental authorities and third parties shall have become effective, and all such governmental authorities and third parties shall have approved or consented to the Restructuring Transactions, to the extent required;

(e)    The Debtors and K2 have agreed on a Wind-Down Budget;

(f)    All documents contemplated hereby to be executed and delivered on or before the Effective Date shall have been executed and delivered, including the liquidating trust agreement (as provided for in the Plan Supplement);

(g)    The Confirmation Order shall have been entered, which shall not have been stayed, reversed, vacated, amended, supplemented or otherwise modified, and shall provide that the Debtors, the Liquidating Trust, and the Liquidating Trustee are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with this Plan and effectuate, advance, or further the purposes thereof;

(h)    The Confirmation Order, the Plan and all Plan Exhibits shall be, in form and substance acceptable in all respects to the Debtors and shall have been executed and delivered by all parties signatory thereto;

(i)    All other actions, documents, and agreements necessary to implement this Plan shall have been effected or executed;

(j)    The Confirmation Order shall have become a Final Order; and

(k)    The Debtors shall have filed a Notice of Effective Date.

5.    Compromises and Settlements. Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Combined Disclosure Statement and Plan are approved in all respects and constitute good faith compromises and settlements.

18

6.      Plan Supplement.  The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtors at the Confirmation Hearing, including all exhibits and attachments thereto and documents referred to therein, and the execution, delivery, and performance thereof by the Debtors, are authorized and approved when they are finalized, executed and delivered, and are integral to, part of and are incorporated by reference into the Combined Disclosure Statement and Plan.  Without further order or authorization of this Court, the documents included in the Plan Supplement may be amended and supplemented, prior to execution, so long as such amendment or supplement does not materially and adversely change the treatment of Holders of Claims.  Execution versions of the documents comprising the Plan Supplement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.  The documents contained in the Plan Supplement, including, as applicable, forms to be substantially adhered to, are sufficient to comply with applicable requirements of the laws, rules, and regulations of any state or other governmental authority, and all such state and other governmental authorities are directed to accept such documents for filing and implementation.

7.      Solicitation and Notice.  Notice of the Confirmation Hearing complied with the terms of the Interim Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of these Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The Solicitation of votes on the Combined Disclosure Statement and Plan and the Solicitation Packages complied with the solicitation procedures in the Interim Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with

19

the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and to the extent that the Debtors did not comply with the Interim Disclosure Statement Order, because Holders of Claims against and Interests in the Debtors received adequate due process, the need for such compliance is hereby waived.  Notice of the Plan Supplement, and all related documents, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases and was in compliance with the provisions of the Interim Disclosure Statement Order, Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

8.    Omission of Reference to Particular Plan Provisions.    The failure to specifically describe or include any particular provision of the Combined Disclosure Statement and Plan in this Order shall not diminish or impair the effectiveness of such provision.  The Combined Disclosure Statement and Plan is approved and confirmed in its entirety.

9.    Classification and Treatment.    The Combined Disclosure Statement and Plan's classification scheme is approved.  The classifications set forth on the Ballots (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Combined Disclosure Statement and Plan for Distribution purposes, (c) may not be relied upon by any Holder as representing the actual classification of such Claim under the Combined Disclosure Statement and Plan for Distribution purposes, and (d) shall not be binding on the Debtors and/or the Liquidating Trustee, as applicable, except for Combined Disclosure Statement and Plan voting purposes.

10.    Binding Effect.  Subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Combined Disclosure Statement and Plan, the Plan Supplement, and this Order shall bind (a) any Holder of a Claim against, or Interest in, the Debtors

20

and such Holder's respective successors and assigns (whether or not the Claim or Interests are Impaired under the Combined Disclosure Statement and Plan, whether or not such Holder has voted to accept the Combined Disclosure Statement and Plan, and whether or not such Holder is entitled to a Distribution under the Combined Disclosure Statement and Plan), (b) all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Combined Disclosure Statement and Plan, (c) each Person acquiring property under the Combined Disclosure Statement and Plan or this Order, and (d) any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

11.     Discharge of Debtors.  Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Combined Disclosure Statement and Plan, the Confirmation Order or in any contract, instrument, or other agreement or document created pursuant to the Combined Disclosure Statement and Plan, the distributions, rights, and treatment that are provided in the Combined Disclosure Statement and Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date), Interests, and Causes of Action of any nature whatsoever, including any debt that arose before the date of confirmation of the Combined Disclosure Statement and Plan or interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Combined Disclosure Statement and Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective

21

Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted this Plan.  This Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date.

12.    Authorization to Implement Combined Disclosure Statement and Plan.  The Debtors and/or the Liquidating Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate the Combined Disclosure Statement and Plan and to execute, enter into, or otherwise make effective all agreements, documents, instruments, notices and certificates in connection therewith, prior to, on, and after the Effective Date, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date officers or directors of the Debtors.

13.    Cancellation of Instruments and Stock.  On the Effective Date, all existing Interests in the Debtors shall be cancelled and discharged as set forth in the Combined Disclosure Statement and Plan; *provided, however*, that this cancellation shall not apply to the equity interest of Molecular Templates, Inc. in its subsidiary and affiliated debtor Molecular Templates OpCo, Inc.  On the Effective Date, the Debtors shall issue new equity interests in Molecular Templates, Inc. (the "New MTEM Common Equity") to K2 HealthVentures Equity Trust LLC, a subsidiary of K2 HealthVentures, LLC, in exchange for $15,000,000 of the Prepetition Secured Claims, subject to dilution on account of any distribution of New MTEM Common Equity on account of

and in satisfaction of any additional portion of the Prepetition Secured Claims or for the DIP Facility (the "Debt-for-Equity Transaction").  On the Effective Date, notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan, every document, agreement, or instrument (including but not limited to certificates, agreements, options, warrants, rights, restricted stock units, shares, preferred shares, and other instruments evidencing an ownership interest in the Debtors, whether contractual, legal, equitable, or otherwise) evidencing any Interest in or Claim against the Debtors, shall be deemed automatically and immediately cancelled and surrendered without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the Debtors under any such document, agreement, or instrument evidencing any Interest in or Claim against the Debtors, as the case may be, shall be deemed extinguished; *provided, however*, that, the provisions of any such document, agreement or instrument that governs the rights of the Holder of a Claim shall continue in full force and effect solely to the extent necessary to allow Holders of Allowed Claims to receive Distributions or exercise rights solely with respect to Allowed Claims under the Plan; *provided*, *further,* that this cancellation shall not apply to the equity interest of Molecular Templates, Inc. in its subsidiary and affiliated debtor Molecular Templates OpCo, Inc. as set forth in the Combined Disclosure Statement and Plan.  Additionally, as promptly as reasonably practicable following the Effective Date, consistent with the cancellation of the Interests (including any authorized and/or issued shares of common stock in the Debtors) in the Debtors, the Debtors and the Liquidating Trustee are authorized (but not required) to take all necessary steps to terminate the registration of all Securities under the Exchange Act and Securities Act, including to de-register its existing Interests, and to terminate its reporting obligations under sections 12, 13, and 15(d) of the Exchange Act, including by (1) filing, or causing any applicable national securities exchange to file, a Form 25

with the United States Securities and Exchange Commission ("SEC") under the Exchange Act, and (2) filing a Form 15 with the SEC under the Exchange Act (to the extent the Debtors have not previously filed such Form 15).

14.    Notwithstanding any language to the contrary contained in the Combined Disclosure Statement and Plan or this Confirmation Order, no provision of the Combined Disclosure Statement and Plan or this Plan Confirmation Order shall (i) preclude the SEC from enforcing its police or regulatory powers; or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any debtor or non-debtor person or entity in any forum.

15.    Liquidating Trust Agreement.  The Debtors are authorized and approved to enter into the Liquidating Trust Agreement and this Order shall be deemed approval of the Liquidating Trust Agreement.

16.    Vesting of Liquidating Trust Assets.  Upon the occurrence of the Effective Date, the Liquidating Trust Assets shall be transferred to the Liquidating Trust in accordance with the Combined Disclosure Statement and Plan.  The Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Liens, claims, and interests.  Upon transfer of the Liquidating Trust Assets, the Debtors shall have no further duties or responsibilities in connection with the implementation of the Combined Disclosure Statement and Plan.  Pursuant to Bankruptcy Code section 1123(b)(3)(B), only the Liquidating Trustee shall have the right to pursue or not to pursue, or, subject to the terms of the Combined Disclosure Statement and Plan and the Liquidating Trust Agreement, compromise, or settle any Liquidating Trust Assets.  From and after the Effective Date, in accordance with the Liquidating Trust Agreement, the Liquidating Trustee shall have authority and standing to bring, litigate, and settle all Avoidance Actions.  The Liquidating Trustee

shall be entitled to enforce all defenses and counterclaims to all Claims asserted against the Debtors and their Estates, including setoff, recoupment and any rights under Bankruptcy Code section 502(d).

17.     Subject to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding transferred claims, and notwithstanding anything to the contrary in the Plan, Confirmation Order, or Plan Supplement, beneficial interests in the Liquidating Trust will not be certificated and may not be transferred, sold, pledged, or otherwise disposed of, or offered for sale, except for transfers by will, intestacy or operation of law.  The Liquidating Trust will operate in compliance with federal and state securities laws and SEC staff guidance, including those regarding liquidating trusts.

18.     Liquidating Trustee.  Craig Jalbert is appointed as the Liquidating Trustee. Absent authorization of the Court pursuant to a Final Order, no judicial, administrative, arbitral, or other action or proceeding shall be commenced in any forum other than this Court against the Liquidating Trustee, in their official capacities, with respect to their status, duties, powers, acts, or omissions as the Liquidating Trustee.

19.     Limited Substantive Consolidation.  Entry of this Order shall constitute approval, pursuant to Bankruptcy Code sections 105(a), 541, 1123(a)(5), 1129, effective as of the Effective Date, of the limited substantive consolidation of the Estates of the Debtors, and the Assets and Liabilities of the Debtors are treated as the Assets and Liabilities of a single substantively consolidated entity solely for the purposes of voting and creditor Distributions under the Combined Disclosure Statement and Plan.  Under this limited substantive consolidation: (i) all Assets and Liabilities of the Debtors will, solely for Distribution purposes, be treated as if they were merged, (ii) each Claim Filed or to be Filed against the Debtors will be deemed a single

25

non-aggregated Claim against, and a single non-aggregated obligation of, the Debtors, (iii) all guarantees of any Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and canceled; (iv) all transfers, disbursements and Distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates, and (v) Holders of Allowed Claims entitled to Distributions under the Combined Disclosure Statement and Plan shall be entitled to their Pro Rata share of the Distribution on account of such Claim without regard to which Debtor was originally liable for such Claim.  The limited substantive consolidation called for in the Combined Disclosure Statement and Plan shall not (other than for the purposes of voting and creditor Distributions under the Combined Disclosure Statement and Plan) affect (i) the legal and organizational structure of the Debtors, (ii) Executory Contracts or Unexpired Leases that were entered into during these Chapter 11 Cases or that have been or will be assumed or rejected, (iii) any agreements entered into by the Liquidating Trustee on or after the Effective Date, and (iv) the Debtors' or the Liquidating Trustee's ability to subordinate or otherwise challenge Claims on an entity-by-entity basis.  Notwithstanding the limited substantive consolidation called for in the Combined Disclosure Statement and Plan, each and every Debtor shall remain responsible for the payment of U.S. Trustee Fees until its particular case is closed, dismissed, or converted.

20.    Distributions Under the Combined Disclosure Statement and Plan.  All Distributions under the Combined Disclosure Statement and Plan shall be made in accordance with Article XII of the Combined Disclosure Statement and Plan and such methods of Distribution are approved.

21.     Disputed Claims.   The provisions of Article XIII of the Combined Disclosure Statement and Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are found to be fair and reasonable and are approved.

22.     Treatment is in Full Satisfaction.   All Distributions under the Combined Disclosure Statement and Plan shall be made in accordance with the Combined Disclosure Statement and Plan.   The treatment set forth in the Combined Disclosure Statement and Plan is in full satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding a Claim or Interest may have in or against the Debtors, the Estates, or their respective property.   This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtors, the Estates, or their respective property.

23.     Governmental Bar Date.   The Governmental Bar Date shall be October 17, 2025.   Failure of a Governmental Unit asserting a Claim against any Debtor to file and serve a Proof of Claim or application for allowance of such Claim (as applicable) with the Court by the Governmental Bar Date shall result in such Claim being forever barred, unless otherwise ordered by the Court.   For the avoidance of doubt, the Liquidating Trustee shall pay, in full, any Allowed Claims asserted by a Governmental Unit after the Confirmation Hearing, to be funded with additional Cash provided by the DIP Lender.

24.     Without limiting the foregoing, for the avoidance of doubt, nothing shall: (i) require the United States to file any proofs of claim or administrative expense claims in the Chapter 11 Cases for any Governmental Unit's Claim; (ii) subject to section 525 of the Bankruptcy Code, affect or impair the exercise of any Governmental Unit's (as defined in section 101(27) of the Bankruptcy Code) police and regulatory powers against the Debtors, the Reorganized Debtors, or any non-Debtor (provided that the rights and defenses of the Debtors and Reorganized Debtors

27

with respect thereto are fully preserved); (iii) be interpreted to set cure amounts or to require the United States to novate, approve, or otherwise consent to the transfer or assignment of any Federal Interests; (iv) affect or impair the United States' rights and defenses of setoff and recoupment or ability to assert setoff or recoupment against the Debtors or the Reorganized Debtors, and such rights and defenses are expressly preserved (provided that the rights and defenses of the Debtors and Reorganized Debtors with respect thereto are fully preserved); (v) except as provided under section 1145 of the Bankruptcy Code, constitute or be deemed an approval or consent by the United States; (vii) waive, alter, or otherwise limit the United States' property rights or any rights of the Debtors or Reorganized Debtors in same; (viii) modify the scope of section 525 of the Bankruptcy Code; or (ix) confer exclusive jurisdiction to the Bankruptcy Court with respect to any USG Claim except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code).

25.     Bar Date for Rejection Damages.  If the rejection of any Executory Contract or Unexpired Lease under this Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is an Allowed Claim, shall be classified in Class 4; provided, however, that the General Unsecured Claim arising from such rejection shall be forever barred and shall not be enforceable against the Debtors, the Liquidating Trust, their successors or properties, unless a proof of such Claim is filed and served on the Liquidating Trustee within thirty (30) days after the date of notice of the entry of the order of the Bankruptcy Court rejecting the Executory Contract or Unexpired Lease which may include, if applicable, this Confirmation Order.  Unless otherwise ordered by the Court, any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Bankruptcy

Court within such time will be forever barred from assertion, and shall not be enforceable against the Debtors, the Liquidating Trust, the Debtors' Estates, or the property for any of the foregoing.

26.     Payment of Statutory Fees.  With respect to U.S. Trustee Fees, all fees due, payable, and/or may come due to the U.S. Trustee pursuant to section 1930 of Title 28 of the United States Code together with the statutory rate of interest set forth in section 3717 of Title 31 of the United States Code, to the extent applicable ("Quarterly Fees") on account of the period before the Effective Date shall be paid by the Debtors on the Effective Date, or as soon as practicable thereafter to the extent said amount was not yet due and/or billed.  After the Effective Date, (i) the Debtors and the Liquidating Trustee shall be jointly and severally liable to pay all Quarterly Fees accruing from and after the Effective Date until the earliest to occur of the particular Debtor's case being converted to a case under chapter 7 of the Bankruptcy Code, dismissed, or closed and (ii) the Liquidating Trustee and each of the Reorganized Debtors, as applicable, shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  The U.S. Trustee shall not be required to file a request for payment of its Quarterly Fees, which shall be deemed an Administrative Claim against the Debtors and their Estates.

27.     Modifications.  The Combined Disclosure Statement and Plan may be amended, modified or supplemented by the Debtors prior to the Effective Date, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code.  In addition, after the Confirmation Date but before substantial consummation of the Plan, the Debtors may institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Disclosure Statement and Plan or the Confirmation Order, with respect to such matters

as may be necessary to carry out the purposes and effects of the Combined Disclosure Statement and Plan.

**28.    Injunction.    (a) From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Released Parties, the Liquidating Trustee or the Liquidating Trust, or the property of any of the Debtors, the Released Parties, the Liquidating Trustee or the Liquidating Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Released Parties, the Liquidating Trustee or the Liquidating Trust; or the property of any of the Debtors, the Released Parties, the Liquidating Trustee or the Liquidating Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Released Parties, the Liquidating Trustee or the Liquidating Trust, or the property of any of the Debtors, the Released Parties, the**

**Liquidating Trustee or the Liquidating Trust; (iv) asserting setoff unless such setoff was formally asserted in a timely Filed proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff) or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

**(b) Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Parties, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan by the Debtors, the Liquidating Trustee and/or their respective Related Parties, as applicable.**

**(c) By accepting Distributions pursuant to this Plan, each Holder of an Allowed Claim will be deemed to have specifically consented to the Injunctions set forth in this Section.**

**29.     Exculpation.   Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from any cause of action for any claim related to any act or omission taking place between the Petition Date and the Plan Effective Date in connection with, relating to, or arising out of, the Cases, the disclosure statement, the Plan, the DIP Facility loan documents, the restructuring support agreement, or any aspect of the Transaction, including any contract, instrument, release or other agreement or document (including providing any legal opinion requested by any entity regarding any transaction, contract, instrument, document, or other**

agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the disclosure statement or the Plan, the DIP Facility loan documents, the filing of the Cases, the pursuit of confirmation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a final order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

30.    <u>Releases by the Debtors.</u>  Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, effective on the Effective Date, each Released Party is hereby deemed to be hereby released and discharged by the Debtors and their estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any causes of action, directly or derivatively, by, through, for, or because of the foregoing entities on behalf of the Debtors, from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that the Debtors or their estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim against, or Interest in, a

**Debtor or other entity, or that any holder of any claim against, or Interest in, a Debtor or other entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or outof-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims asserted against the Debtors), intercompany transactions, the Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility loan documents, the Plan (including, for the avoidance of doubt, the plan supplement), the RSA Term Sheet, the A&R CVR, the Bridge Loan, the Restructuring Transaction or any aspect of the transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the RSA Term Sheet, the A&R CVR, the Bridge Loan, the Disclosure Statement, the DIP Facility loan documents, the Plan, the plan supplement, before or during the Cases, the filing of the Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a final order by a court of competent**

33

jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any claim or obligation arising under the Plan. Notwithstanding anything to the contrary in the foregoing, the releases under this section only release claims held by the Debtors or claims that could be asserted by the Debtors under applicable law.

31.     Releases by Holders of Claims.  Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Plan Effective Date, and with respect to all other Releasing Parties, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Claims, Causes of Action, derivative claims and causes of action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, contract, tort or otherwise, that such entity would have been legally entitled to assert in their own right (whether individually, derivatively, or collectively) or on behalf of the holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions

**(but excluding Avoidance Actions brought as counterclaims or defenses to claims asserted against the Debtors), intercompany transactions, the Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility loan documents, the Plan (including, for the avoidance of doubt, the plan supplement), the RSA Term Sheet, the A&R CVR, the Bridge Loan, the Restructuring Transaction, or any aspect of the transactions, including any contract, instrument, release, or other agreement or document (including any legal opinion requested by any entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the RSA Term Sheet, the A&R CVR, the Bridge Loan, the Disclosure Statement, the DIP Facility loan documents, the Plan, the plan supplement, before or during the Cases, the filing of the Cases, the pursuit of confirmation, the pursuit of consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a final order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the plan supplement) executed to implement the Plan or any claim or obligation arising under the Plan.**

32.    <u>Debtor Release, Third-Party Release, Exculpation, Injunction, and Related Provisions under the Plan</u>.    The discharge, releases, injunctions, exculpations, and related provisions set forth in Article X of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of this Bankruptcy Court or any other party.

33.    <u>Executory Contracts and Unexpired Leases</u>.    Each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease (i) as of the Effective Date, is subject to a pending motion to assume or assume and assign such Unexpired Lease or Executory; (ii) is a D&O Policy or an insurance policy (subject to paragraph 33 below); or (iii) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

34.    <u>Insurance Policies</u>.    Notwithstanding the provisions in the Combined Disclosure Statement and Plan or any other language or provision set forth therein, the following shall apply to all insurance policies, including but not limited to the D&O Insurance Policy and D&O Tail Policy (defined below).  For the avoidance of doubt, previously, the Debtors purchased a prepaid Side A tail policy, Primary D&O Liability (Side A) Policy with National Union Fire Insurance Company of Pittsburgh (PA01-426-31-75) (the "<u>D&O Tail Policy</u>"), which will become effective as of the Effective Date.  Upon the Effective Date, the D&O Tail Policy term will begin and continue until its end.  With respect to all other insurance policies, they have either expired or will expire on their own terms on or before August 1, 2025, and neither the Reorganized Debtors, Debtors, nor Liquidating Trust will seek to renew any of these insurance policies.  The

Reorganized Debtors, Debtors and the Liquidating Trustee and anyone covered under these policies, shall retain the right to any coverage or benefit arising from the aforesaid polices, including but not limited to the D&O Insurance Policy and the D&O Tail Policy, and these policies shall be treated as executory contracts and assumed to the extent necessary under applicable law.

35.    Notice of Entry of Confirmation Order and Effective Date.  Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date on the Effective Date on all Holders of Claims against or Interests in the Debtors and all other Persons on whom the Confirmation Hearing Notice was served (with notice to Holders of Interests being sufficient to be served (i) via electronic notice through The Depository Trust Company's LENs platform and (ii) via email to their brokers, nominees, mailing agent(s) (with sufficient quantities of hard copies as required and instructions to serve upon beneficial holders), and applicable depository).  The Notice of Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, including, without limitation, any bar dates and deadlines established under the Combined Disclosure Statement and Plan and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date, and any such bar dates and deadlines need be given.

36.    After the Effective Date, the Liquidating Trust shall have authority to send a notice to Entities that to continue to receive documents pursuant to Bankruptcy Rule 2002, that such Entities must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Liquidating Trust is hereby authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to (i) those Entities who have filed such renewed requests and (ii) those Entities whose rights are affected by such documents.

37

37.     Retention of Jurisdiction.   Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain jurisdiction over all matters arising out of, or related to, these Chapter 11 Cases, the Combined Disclosure Statement and Plan, and related documents, to the fullest extent permitted by applicable law.

38.     Rules Governing Conflicts Between Documents.   In the event that any provision of the Combined Disclosure Statement and Plan is inconsistent with the provisions of, the Plan Supplement, the Liquidating Trust Agreement or any order in these Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan shall control and take precedence; *provided*, *however*, that this Confirmation Order shall control and take precedence in the event of any inconsistency between this Confirmation Order, any provision of the Combined Disclosure Statement and Plan, and any of the foregoing documents.

39.     Exemption from Transfer Taxes.   Pursuant to Bankruptcy Code section 1146(a), the issuance, transfer, or exchange of notes or equity securities under or in connection with the Combined Disclosure Statement and Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Combined Disclosure Statement and Plan, including the issuance of any stock, any merger agreements, or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Combined Disclosure Statement and Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

40. <u>Securities Law Exemption</u>.   To the extent the Liquidating Trust Beneficiaries' interest in the Liquidating Trust is deemed to be a security, the Distribution under the Combined Disclosure Statement and Plan of interests in the Liquidation Trust, shall be exempt from registration under applicable securities laws pursuant to Bankruptcy Code section 1145(a), as amended.

41. <u>Headings</u>.  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Combined Disclosure Statement and Plan or this Confirmation Order for any other purpose.

42. <u>Reversal</u>.  If any of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Combined Disclosure Statement and Plan prior to receipt of written notice of such order by the Debtors.  Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order, the Combined Disclosure Statement and Plan, all documents relating to the Combined Disclosure Statement and Plan and any amendments or modifications to any of the foregoing.

43. <u>Substantial Consummation</u>.  On the Effective Date, the Combined Plan and Disclosure Statement shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127.

**Dated: July 2nd, 2025**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**